UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARY E. MENDEZ-PALAFOX, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:21-cv-582 |
| LELAND DUDEK[1], | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the First Motion for Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 29] filed by Matthew F. Richter, counsel for the plaintiff, Mary E. Mendez-Palafox, on February 5, 2025. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Mary E. Mendez-Palafox, filed an application for Disability Insurance benefits on June 13, 2019. On August 23, 2019, her claim for benefits was initially denied. Plaintiff requested reconsideration on February 28, 2020, but her claim was denied again. On November 19, 2020, Plaintiff appeared for a phone hearing before an administrative law judge ("ALJ"), who likewise denied her claim on February 10, 2021. [DE 13]. Plaintiff requested review by the Appeals Council, which denied her request on June 4, 2021. Plaintiff initiated this action for judicial review of the denial of her application for benefits on August 6, 2021. This Court entered an Opinion and Order remanding this matter to the Agency for further proceedings on September 29, 2022. [DE 23].

Plaintiff filed an unopposed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in December of 2022. On January 11, 2023, this Court granted the unopposed motion

---

[1] Kilolo Kijakazi was the original Defendant in this case. She was sued in her capacity as a public officer. On February 16, 2025, Leland Dudek became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Leland Dudek has been automatically substituted as a party.

and awarded Plaintiff $3,735.93 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412.

Following this Court's remand, an ALJ approved Plaintiff's claim for Disability Insurance benefits. The Social Security Administration issued a Notice of Award letter dated September 18, 2023. Plaintiff was awarded past-due benefits in the amount of $93,066.00, 25% of which is $23,266.50. Plaintiff agreed to pay Attorney Richter 25% of all past-due benefits awarded to her and any beneficiaries by the Administration.

Attorney Richter asks the court to authorize an award of attorney fees in the amount of $23,266.50 pursuant to 42 U.S.C. § 406(b). The Commissioner filed a response on February 20, 2025, indicating that he neither supports nor opposes Attorney Richter's request for attorney fees. Therefore, the instant motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

2

Attorney Richter requests $23,266.50 in fees, which is 25% of Plaintiff's past-due benefits. Attorney Richter contends that the requested fee award is reasonable for the 8.75 hours of legal work he spent representing Plaintiff in federal court and the 15 hours of non-attorney time. Attorney Richter's total requested fee would amount to an hourly rate of about $1,850.00 per hour fee for attorney time and $471.93 per hour for non-attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) (collecting cases) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable."); *Lemons v. O'Malley*, 2024 WL 1740917 at *1 (N.D. Ind. Apr. 23, 2024) (granting an award of $26,633.00 in attorney fees). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee. *Gisbrecht,* 535 U.S. at 789. Attorney Richter has acknowledged that Plaintiff is entitled to a refund of the $3,735.93 EAJA award that she received.

Based on the foregoing reasons, the court **GRANTS** the Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 29] and **AWARDS** fees to Attorney Matthew F. Richter in the total amount of $23,266.50.  The court **ORDERS** Attorney Richter to refund the plaintiff, Mary E. Mendez-Palafox, the amount of the previously awarded EAJA fees, $3,735.93, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 10th day of April, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge